UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Mishelevich,<br><br>*Plaintiff*,<br><br>v.<br><br>GAO RFID Inc.<br><br>*Defendant*. | Civil Action No. 1:25-cv-3117<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff David Mishelevich, M.D., Ph.D. ("Mishelevich" or "Plaintiff"), through his undersigned counsel, hereby alleges the following against Defendant GAO RFID, Inc. ("GAO RFID" or "Defendant"):

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

**THE PARTIES**

2. Plaintiff David Mishelevich, M.D., Ph.D. is an individual residing in the United States and the named inventor of U.S. Patent No. 7,248,171. Plaintiff is a renowned inventor and entrepreneur with a Ph.D. in Biomedical Engineering from Johns Hopkins University and has led multiple ventures in behavior modification and neuromodulation.

3. On information and belief, Defendant GAO RFID Inc. is a corporation organized and existing under the laws of Canada, with a principal place of business at 601 Milner Avenue, Suite 208, Toronto, Ontario, Canada, M1B 2K4. GAO RFID also has a "Head Office US," as

reflected on its website, at 244 Fifth Avenue, Suite A31, Manhattan, New York, New York, 10001. Defendant transacts business within the United States and within this judicial district, including through the sale and marketing of RFID-based systems that infringe the '171 Patent. According to the New York Department of State, Defendant is a foreign business corporation with a DOS ID of 5415361.

## JURISDICTION AND VENUE

4. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District. Further, Defendant has, directly or through subsidiaries or intermediaries, committed acts of patent infringement in the State of New York and in this Judicial District as alleged in this Complaint.

6. Defendant has a New York Department of State (DOS) ID, 5415361, which shows "Active" status on the New York DOS website as of the date of filing this complaint. The DOS website further indicates that Defendant initially filed with the DOS on September 25, 2018, so it has been doing business in New York for nearly seven years. Defendant's registered agent is listed as Xiang Yang Gao at 244 Fifth Avenue, Suite A31, Manhattan, New York, New York, 10001.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred here. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

8. Upon information and belief, Defendant manages the marketing, sales, and/or provision of services of its products to customers and/or potential customers located in New York and in the Southern District of New York.

## PATENT-IN-SUIT

9. On July 24, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,248,171 (the "171 Patent"), entitled "RFID Systems for Automatically Triggering and Delivering Stimuli." A true and correct copy of the 171 Patent is attached hereto as **Exhibit A**.

10. The 171 Patent was filed on May 17, 2004.

11. Plaintiff is the sole and exclusive owner of all right, title, and interest to and in, or is the exclusive licensee with the right to sue for, the 171 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit.

12. Plaintiff also has the right to recover all damages for infringement of the Patent-in-Suit as appropriate under the law.

13. The technologies of the Patent-in-Suit were invented by Plaintiff David Mishelevich, M.D., Ph.D. The 171 Patent is directed to RFID-based behavioral control systems that use RFID transponders to direct subjects to avoid or seek particular objects. The patent covers RFID-triggered stimuli for obstacle avoidance or destination targeting, including for medical compliance and safety applications.

14. Claim 1 of the 171 Patent describes a system that detects the presence of RFID tags on objects or subjects, processes the RFID signal using a host computer, and then generates and delivers stimuli based on predetermined criteria.

## FACTUAL ALLEGATIONS

15. Defendant's website identifies a significant challenge in healthcare: ensuring that healthcare workers consistently adhere to hand hygiene protocols to prevent the spread of infections. See https://gaorfid.com/hand-washing-compliance-in-healthcare-using-rfid/. Traditional methods of monitoring handwashing compliance can be inaccurate or inefficient.

16. To address this issue, Defendant began using Plaintiff's technology to implement an RFID-based hand hygiene compliance system. In this system, healthcare workers wear RFID badges, and handwashing stations are equipped with RFID readers. When a worker uses a handwashing station, the RFID reader records the user's identity and the duration of their handwashing. This data is collected and analyzed to monitor compliance with hand hygiene protocols. Some implementations provide immediate feedback to the user, such as a hand cleaning score, to encourage proper handwashing practices. The system can operate as a standalone solution or be integrated with existing healthcare management systems.

17. Defendant's RFID-based hand hygiene compliance system directly infringes Claim 1 of the 171 Patent because: a. It detects the presence of RFID tags worn by healthcare workers or embedded in soap dispensers and sinks. b. It processes the RFID signals using a host computer to determine compliance with handwashing protocols. c. It delivers stimuli in the form of alerts, compliance tracking, and behavioral feedback to reinforce compliance or non-compliance with handwashing requirements.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,114,905

18. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

19. Plaintiff has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the 171 Patent.

20. Defendant directly infringes at least claims 1-20 of the 171 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that incorporate RFID- based behavioral compliance and control systems covered by the claims of the 171 Patent.

21. The infringing aspects of the Accused Products can be used only in a manner that infringes the 171 Patent and thus have no substantial non-infringing uses. The infringing aspects of those instrumentalities otherwise have no meaningful use, let alone any meaningful non-infringing use.

22. In GAO RFID's system, as described on its own website, healthcare workers wear RFID badges; RFID readers are placed near hand hygiene stations (e.g., soap/sanitizer dispensers). When a healthcare worker approaches a station, their presence is detected via the RFID tag. The system logs that information and interfaces with a back-end computer system to track compliance. According to the website, GAO RFID's system provides behavioral feedback such as alerts and compliance scores when hand hygiene protocols are not followed. Accordingly, the host system must evaluate behavior against preset criteria, and if noncompliance is detected, it triggers a feedback mechanism. The feedback could be visual (e.g., compliance dashboards or scores), as described, or auditory/visual cues at the dispenser (stimulus). The system reportedly delivers positive reinforcement (e.g., a high compliance score)

or alerts or dashboards when workers are noncompliant. These are stimuli delivered via output devices, such as screens, mobile devices, or auditory signals.

23. Defendant has induced and continues to induce others, including customers and end users, to infringe the 171 Patent, with knowledge of the patent and with the intent that its RFID products and systems be used in an infringing manner.

24. Defendant has contributorily infringed and continues to contributorily infringe the 171 Patent by providing infringing RFID-based compliance systems to third parties, knowing that such products are especially made or adapted for use in an infringing manner and have no substantial non-infringing uses.

25. Plaintiff has been injured and seeks damages to adequately compensate it for Defendant's infringement of the 171 Patent.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b. An order awarding damages sufficient to compensate Plaintiff for Defendant's infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, including supplemental damages post-verdict, together with pre-judgment and post-judgment interest and costs;

c. Entry of judgment declaring that this case is exceptional and awarding Plaintiff its costs and reasonable attorney fees pursuant to 35 U.S.C. § 285;

d.  An accounting for acts of infringement;

e.  Such other equitable relief which may be requested and to which the Plaintiff is entitled; and

f.  Such other and further relief as the Court deems just and proper.

Dated: April 15, 2025                                        Respectfully submitted,

*/s/David L. Hecht*
David L. Hecht
dhecht@hechtpartners.com
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 851-6821

*Counsel for Plaintiff David Mishelevich*